**Sarah RUBIN, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education & Welfare, Defendant.**

**Civ. No. 19234.**

United States District Court
E. D. New York.

April 15, 1959.

Morris Pinsley, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for defendant, Ann B. Miele, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

ZAVATT, District Judge.

This is an action brought pursuant to 42 U.S.C.A. § 405(g) (1956) to review the decision of a referee and the Appeals Council of the Social Security Administration, Department of Health, Education & Welfare, denying the plaintiff's application for benefits under the Social Security Act. The plaintiff has moved for summary judgment. The defendant has made a cross motion for summary judgment.

The facts as found by the referee are supported by substantial evidence and are not reviewable by this court. 42 U.S.C.A. § 405(g). (1956) Whether on these facts the plaintiff is entitled to widow's benefits is a matter of law and reviewable by this court. Morgan v. Social Security Board, D.C.M.D.Pa.1942, 45 F.Supp. 349. The facts may be briefly summarized. Plaintiff's husband, the wage earner, died in the second calendar quarter of 1947 on June 8. In the first quarter of that year he was paid more than $3,000 in wages. Prior to his death and in the second quarter, plaintiff's husband had been paid more than $50 in employment income. In the year 1946, he had been paid more than $3,000 in wages in each of the quarters. Prior to 1956, during the years covered by the Act, he had been self-employed.

Plaintiff's claim for widow's assistance is derivative and depends upon her husband's status at the time of his death. Under the law he must have been "a fully insured individual." To be fully insured this wage earner must have amassed six "quarters of coverage" at his death. 68 Stat. 1084. A quarter of coverage is a function of the amount of "wages" paid the individual and the quarters of the calendar year in which these wages were paid. The applicable provision states:

"The term 'quarter of coverage' means * * * a quarter in which the individual has been paid $50 or more in wages * * *. In case of any individual who has been paid, in a calendar year prior to 1951, $3,000 or more in wages, each quarter of such year following his first quarter of coverage shall be deemed a quarter of coverage, excepting any quarter in such year in which such individual died * * * and any quarter succeeding such quarter * * *." 42 U.S.C.A. § 413(a) (2) (A).

There is agreement that plaintiff's husband was credited with five quarters of coverage: four quarters in 1946 and one for the first quarter of 1947, all by virtue of his having been paid more than $50 in wages in each quarter. It is also evident that because the wage earner died during the second quarter of 1947 he cannot be credited with a quarter of coverage simply because he was in fact paid $3,000 in wages in the first quarter of 1947. If he is to be credited with the second quarter of 1947 it must be because he was "paid $50 or more in wages."

Was the more than $50 in employment income paid to the wage earner during the second quarter of 1947 "wages" for the purpose of the Act? That is the question presented by this case. As defined in the Act:

"(a) The term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash; except that such term shall not include—

\*   \*   \*   \*   \*   \*

"(3) That part of the remuneration which, after remuneration

equal to $3,000 with respect to employment has been paid to an individual during any calendar year after 1946, is paid to such individual during such calendar year;" 42 U.S. C.A. § 409. (1946)

It is the government's contention that because the wage earner had already received $3,000 in wages in the first quarter of 1947, no other remuneration for employment can constitute "wages" for the purpose of quarterly coverage. The plaintiff's contention, in its narrowest formulation, is that "wages" as used to define quarters of coverage is not limited to the first $3,000 of income, but includes all remuneration for employment which in all other respects would constitute "wages" under the Act.

The court would be more inclined to the government's position, letting social security benefits accrue or fail according to the literal language of the Act without inquiring behind the words, were it not for the fact that section 413 in defining "quarter of coverage" presents an inherent ambiguity which is directly relevant here. The Act allows coverage for those quarters which follow a quarter in which an individual earns "$3,000 *or more* in wages." If "wages" automatically excludes all income over $3,000 the phrase, "$3,000 or more in wages", is self contradictory. The court is lead, therefore, through a series of inferential steps to the tentative conclusion that the term "wages" as used to define "quarters of coverage" may not be limited to the first $3,000 of remuneration, if all other attributes of "wages", as defined, are present.

To resolve the doubts thus brought to light it is proper to look at the result of holding one way or the other in the light of a reasoned legislative purpose.

Under the government's view, had the wage earner been paid $2,950 in the first quarter his widow would be covered because the $50 paid in the second quarter before his death could then be "wages". The government points to nothing in the legislative history to show that coverage was meant to be denied because an employee earns too much, beyond stating that such statutes as this are necessarily arbitrary and this sometimes works to the benefit and, at other times, to the detriment of the individual claimant. Be that as it may, there is no virtue in compounding the arbitrary when there is an alternative interpretation which violates neither the statutory scheme nor purpose. The Act clearly contemplates, as the regulations point up,[1] the granting of coverage under alternative conditions: either $50 is earned in a quarter, in which case there is no requirement of survival; or $50 is not earned, in which case there is a requirement both of survival and of earning $3,000 in a prior quarter of the year. That this distinction is arbitrary we would agree with the government. But we would also concur with the plaintiff that to hold with the government removes the alternative quality whenever $3,000 is earned, thus undermining the structural balance of the section.

■■ While the court is aware that the review of administrative decisions should be approached with some deference, based not only on the expertise of the agency, but also on an awareness that Congress placed the administration of a complex body of law in that agency, it is likewise clear that the court may not abdicate its judicial function. In this instance, the determination of the referee on the narrow point of law involved does not appear to be a reiteration of a long standing or reasoned administrative

1. The applicable regulations provide that: "Any quarter occurring after 1936 and prior to 1951 is a quarter of coverage for an individual if he:
    (a) Has been paid $50 or more in wages in such quarter; or
    (b) Was not paid at least $50 in wages in such quarter, but has been paid $3,000 in wages in the calendar year in which such quarter occurred (1) after a quarter of coverage in the same calendar year, and (2) prior to the quarter in which the individual died or became entitled to a primary insurance benefit." 20 C.F.R. § 404.103 (Supp.1958).

policy. Indeed from all indications, this is a case of first impression. In any event, Social Security Board v. Nierotko, 1946, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718, seems to resolve any doubts the court may have as to the scope of review in this type of case.

It is hardly necessary to add that the court's holding as to the term "wages" as used in section 413 is limited to that context. The impact of "wages" on primary insurance benefits, for instance, need not be affected.

The defendant's cross-motion for summary judgment is denied. The plaintiff's motion for summary judgment is granted. Settle judgment in accordance with this opinion within 15 days.