**Earl F. ANGELL, Appellant,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Appellee.**

**No. 8184.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 9, 1961.

Decided May 19, 1961.

Herbert T. Williams, III, Richmond, Va. (Williams, Sullivan & Cabell, Richmond, Va. on brief), for appellant.

Shanley Keeter, Asst. U. S. Atty., Richmond, Va. (Joseph S. Bambacus, U. S. Atty., Richmond, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

Earl F. Angell, a 70 year old salesman, brought this action in the United States District Court for the Eastern District of Virginia to review a final decision of the Secretary of Health, Education and Welfare under 42 U.S.C.A. § 405(g). Angell claimed that the Secretary was in error in determining that he was not entitled to social security benefits for the year 1956 and thus received overpayments of $1,242.00 ($103.50 per month), the entire amount of his benefits for that year. The plaintiff filed a motion to remand the case to the Secretary as provided by 42 U.S.C.A. § 405(g) for the taking of additional evidence,[1] and he also claimed that the Secretary's decision was not supported by substantial evidence. The Secretary filed a motion for summary judgment. The District Court denied Angell's motion to remand and granted the Secretary's motion for summary judgment. From this action, Angell has appealed.

Angell, during the year 1956, worked for Stonhard Company, Inc., as a traveling salesman. His sales territory included thirty-eight counties in Virginia and eighteen counties in North Carolina which he covered for his employer. In 1956, the plaintiff received identical weekly pay checks of $60.00 less $1.20 social security deductions (F.I.C.A., 26 U.S.C.A. § 3101 et seq.),[2] or $58.80. He claimed that only $20.00 per week was his income and the remaining $40.00 was for business expenses he incurred while traveling over his sales territory.[3] However, the referee in the Department of Health, Education and Welfare, who decided the case on various documents submitted, as Angell waived his right to a hearing with oral evidence, held that the

---

1. The statute provides in part:

"* * * The court shall, on motion of the Secretary made before it files its answer, remand the case to the Secretary for further action by the Secretary, *and may, at any time, on good cause shown, order additional evidence to be taken by the Secretary,* and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm its findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which its action in modi-

fying or affirming was based. * * *" (Emphasis supplied.)

2. The tax is sometimes referred to as O.A.S.I. (Old-Age Survivors Insurance) tax, and sometimes as F.I.C.A. (Federal Insurance Contribution Act) tax.

3. In addition to the weekly checks for $60.00, Stonhard Company, Inc., reported in a letter to the Social Security Administration that Angell received in 1956 other checks amounting to a total of $263.96 for commissions. If only $20.00 of the weekly checks constitute income, as Angell claims, his total income for 1956. with the $263.96 added, would be $1,303.96.

entire $60.00 per week should be considered income. Therefore, he concluded that Angell earned substantially in excess of $80.00 per month for each month in 1956, and in excess of $1,200.00 for the entire year, the maximum allowable earnings in order to receive full benefits, and because of the amount of his earnings, was entitled to no social security payments for that year,[4] Angell requested review of the referee's decision by the Appeals Council of the Social Security Administration, but this request was denied.

The referee apparently predicated his decision on two facts: (1) Stonhard, Angell's employer, withheld the social security tax (F.I.C.A.) on the total amount of the weekly checks, $60.00, rather than on just the $20.00 which Angell claimed to be actual salary; (2) Stonhard treated Angell's income, on its annual withholding tax statement, so as to include the entire $60.00 for purposes of the F.I.C.A. tax. From the fact that the F.I.C.A. tax was withheld on the entire $60.00, the referee seemed to draw the inference that Angell knew of this and intentionally did nothing about it so that he would ultimately obtain more benefits than he was entitled to. However, other than the fact that Angell received checks showing that $1.20 F.I.C.A. tax was withheld, there is nothing in the record supporting the inference. Angell expressly stated that he did not realize that his employer was treating the entire $60.00 per week as income for social security tax purposes. While the above facts, in isolation, might appear to lend some support to the referee's decision, when they are considered in connection with many other uncontested facts in the record, it is a close question whether a court could properly hold that the referee's findings were supported by substantial evidence in light of the record as a whole.

In the first place, it is obvious that a man cannot travel over a territory the size of the plaintiff's and not have substantial expenses. The referee, however, allocated nothing to expenses. Moreover, the record demonstrates, in spite of Stonhard's withholding F.I.C.A. tax on the entire $60.00 per week, that the employer considered part of this money to be for expenses which Angell paid out of his own pocket. On the weekly payroll checks themselves, the $60.00 was broken down by the employer into two categories. Under the heading on the check entitled "Payments Against Commission Account," there were two blocks. In the first block appeared the figure "$20.00," and in the second block "Exp. $40.00." This supports the plaintiff's contention that $40.00 of the money he received each week constituted reimbursement for traveling expenses.

While Stonhard did withhold social security tax on the entire $60.00, the employer did not withhold income tax on the $60.00. Also, on the annual withholding tax statement prepared by Stonhard, it was indicated that for income tax withholding purposes the entire $60.00 per week was not considered income. The Vice-President of Stonhard Company, Inc., sent a letter to the Social Security Administration dated July 25, 1958, in which he stated: "Every check given to him was considered in total for the purpose of assessing O.A.S.I. tax. However, for the purpose of withholding tax (income tax), we did not consider the entire amount paid to Mr. Angell to be taxable. The reason is that he spends part of the money which we pay him to cover his business traveling expenses." In the letter, it is not explained why the employer withheld F.I.C.A. tax on $60.00. However, the employer, while not directly paying Angell's expenses, expressly recognized that Angell inevitably incurred

4. See 42 U.S.C.A. § 403. The referee found that Angell earned in excess of $2,080.00 in 1956, which would entitle him to no benefits. Angell admits that he earned $103.96 over the $1,200.00 allowed and he consents "to a deduction of two monthly payments of $103.50, or the proper deduction under the circumstances."

traveling expenses and that part of the weekly sum was used for them.[5]

Additionally, in a letter to the plaintiff dated February 4, 1958, a Mr. McKittrick of the Stonhard Company broke down the total sums Angell received from Stonhard in 1956 by listing under the heading "Commission" the sum $1,303.-96, and under the heading "Expense" the sum $1,360.00. This directly supports the plaintiff's position that $40.00 of the weekly check were for business expenses.[6]

Since it is indisputable that Angell must have had some traveling expenses to cover the territory, and as it is clear that both he and his employer considered $40.00 of the weekly check to be for business expenses, there is no rational basis for treating the entire $60.00 per week as income. While conceding this in his brief and argument before us, the Secretary insists now that the administrative determination should be upheld because the evidence is insufficient to establish what the plaintiff's expenses actually were. The only evidence of what the expenses were is Angell's statement that they amounted to $40.00 weekly and the employer's treating the expenses as amounting to this, although it is true that some corroboration of this figure or some specification would be desirable. All that is revealed by the record is that the expenses were for transportation, hotels, meals "and other expenses."

However, we need not decide whether the Secretary's decision could be upheld because Angell failed to furnish more data as to his traveling expenses, for this is exactly why he moved to remand the case for the taking of additional evidence. Angell proffered evidence to the District Court, in support of his contention that "good cause" existed for remanding the case to the Secretary, to show his actual territory traveled in more detail, the frequency with which he traveled this area for his employer, his automobile mileage, the actual amount of money spent for various expenses, and his income tax return for 1956 with its accompanying expense schedule. This evidence was not merely "cumulative" as the Secretary argues, but was designed to supply exactly what the Secretary claims is missing from the record. It has been said that where "the underlying facts were not developed sufficiently for the Secretary or his delegate, or for the district court or this Court, to make proper and adequate findings for the correct determination of the case," it is appropriate for the District Court to remand the case to the Secretary under 42 U.S.C.A. § 405(g), Flemming v. Rhoades, 5 Cir., 1960, 276 F.2d 788, 789. For other decisions remanding cases to the Secretary where there was lacking in the record further evidence to support the claimant's position, see: Jacobson v. Folsom, D.C.S.D.N.Y.1957, 158 F.Supp. 281; Wray v. Folsom, D.C.W.D.Ark.1958, 166 F.Supp. 390; Little v. Department of Health, etc., Social Sec. Administration, D.C.S.D.Miss.1959, 173 F.Supp. 276;

5. In a traveling expense questionnaire filled out by the Vice-President of Stonhard, and accompanying the letter of July 25, 1958, it was also acknowledged, without explanation, that the entire weekly payments were not considered wages for income tax purposes but were so considered for social security tax purposes "even though a portion of each check is considered to cover Mr. Angell's Traveling expenses." It was said in answering the questionnaire that the understanding between Stonhard and all of its salesmen, including Mr. Angell, was that a salesman would pay his own traveling expenses out of the weekly commission checks. Also in its answers the employer stated that Angell "was requested—but not required—to report his expenses," and that he did not report them.

Likewise, the Assistant to the General Manager of Stonhard, in a telephone conversation with a representative of the Bureau of Old-Age and Survivors Insurance, advised the latter that Angell paid his traveling expenses out of the $60.00 per week received.

6. Angell himself had completed a Traveling Expense questionnaire in which he stated that he was "to receive $20.00 commission and $40.00 for expenses," and that the weekly payments were not subject to change if travel expenses increased or decreased.

Sisia v. Flemming, D.C.E.D.N.Y.1960, 183 F.Supp. 194.

In this case, good cause was shown to remand the proceedings to the Department of Health, Education and Welfare as provided by 42 U.S.C.A. § 405(g).

Reversed and remanded for proceedings consistent with this opinion.