**William C. MILLER, Plaintiff,**

v.

**Abraham A. RIBICOFF, as Secretary of Health, Education and Welfare, United States of America, Defendant.**

Civ. A. No. 2860.

United States District Court
W. D. South Carolina,
Rock Hill Division.

July 3, 1961.

David A. White (Roddey & Sumwalt), Rock Hill, S. C., for plaintiff.

Joseph E. Hines, U. S. Atty., Spartanburg, S. C., James D. Jefferies, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, Chief Judge.

This is an action brought by the plaintiff against the defendant under Section 205(g) of the Social Security Act for review of a final decision of the defendant Secretary issued on September 14, 1960, by the Office of Hearings and Appeals, Appeals Council, of the Social Security Administration, and amended on October 18, 1960, holding that deductions from plaintiff's benefits under the Social

Security Act are imposable for the months of April, 1957, through November, 1958, under Section 203, because plaintiff was an employee of the Samuel Brilliant Company of Boston, Massachusetts, and received "wages" in excess of the maximum amount permitted thereunder.

The decision of the Secretary is based upon Section 404.1026(a) (7) of Regulation No. 4 of the Social Security Administration, 42 U.S.C.A.Appendix, which purports to interpret Section 209 of the Act, and is as follows: "Amounts paid specifically—either as advances or reimbursements—for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages. Traveling and other reimbursed expenses must be identified either by making a separate payment or by specifically indicating the separate amounts where both wages and expense allowances are combined in a single payment."

Section 209 of the Act provides that "wages" are remuneration for employment.

It is undisputed that plaintiff represented the Samuel Brilliant Company as a traveling salesman during the period in question and the testimony showed that his compensation (including his traveling expenses) was in excess of the maximum amount of "wages" permitted under Section 203 of the Act.

Plaintiff contends that sums paid to him as reimbursement for expenses were not "wages" within the meaning of Section 209 of the Act, even though such sums were not specifically set aside or designated, as required under Regulation No. 4, and that the requirement of specific designation is an unreasonable extension of the statutory language defining "wages". Plaintiff further contends that Regulation No. 4 recognizes a Congressional intent to exclude from the definition of "wages" sums paid for traveling and other expenses, and that there is no evidence of a Congressional intent to distinguish in this connection between sums specifically designated and sums not so identified.

 Under Section 405 of the Act, which must be read in *pari materia* with Section 1009 of Title 5, Administrative Procedure Act, the Court is authorized to review administrative regulations and determinations of law; and while the review of administrative decisions should be approached with some deference, the Court may not abdicate its judicial function. Rubin v. Flemming, D.C.N.Y.1959, 172 F.Supp. 590.

The definition of "wages" in the Act suggests no ground on which sums paid for traveling and other expenses might be considered "wages". Regulation No. 4 does recognize that such sums were not intended to be so considered.

As stated by Judge Sobeloff in the case of Harper v. Flemming, 4 Cir., 1961, 288 F.2d 61, 64. "There is no warrant for reading into the statute fine-spun limitations of which the legislative authority has given no intimation."

 The Social Security Act must be administered with much informality, and satisfaction of claimant's statutory burden is to be judged in a practical way. Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591.

 The requirement of specific designation would work an undue hardship on the plaintiff in this case. Identification of sums paid to him by his employer was outside plaintiff's control. It would be unreasonable and unfair to hold plaintiff responsible for the failure of Samuel Brilliant Company to comply with the Regulation. The purpose of the section of the Act under which deductions are imposed against benefits is to insure that individuals who are otherwise entitled will not receive Social Security benefits when their actual earnings exceed the prescribed maximum. It is not the purpose of this section to defeat the benefits to which an individual is entitled when that individual in fact earned less than the prescribed maximum. Angell v. Flemming, 4 Cir., 291 F.2d 72.

█ I must, therefore, conclude that the commissions paid to plaintiff by the Samuel Brilliant Company during the months of April, 1957, through November, 1958, inclusive, were commissions which included unspecified sums paid to plaintiff as reimbursement for traveling and other necessary expenses of employment, and were not "wages" within the meaning of Section 203 of the Social Security Act.

### Order

It is, therefore, Ordered, That the decision of the Appeals Council in this case be reversed and the case remanded to the defendant for recomputation of plaintiff's benefits for the subject period in accordance with the Opinion herein.