**Charles E. JOYNER, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1159.**

United States District Court
W. D. Virginia,
Roanoke Division.
July 10, 1962.

875

William B. Poff and Woods, Rogers, Muse & Walker, Roanoke, Va., for plaintiff Joyner.

H. Garnett Scott, Asst. U. S. Atty., Roanoke, Va., for defendant United States.

MICHIE, District Judge.

The question for decision in this case is whether, when an employee is paid $1,415.90 by his employer in one calendar year but in connection with his work had to spend $543.38 for traveling expenses for which under his contract of employment he had no right to reimbursement, his "earnings", as the word is used in section 203(e) of the Social Security Act (42 U.S.C.A. § 403(e)), are $1,415.90 or $872.52. The common sense answer is, of course, that his earnings are $872.52 and I believe the common sense answer is correct. But the problem is somewhat more complicated than is suggested by the rather simplified form of the question posed above.

Charles E. Joyner, a recipient of Social Security benefits under § 202(a) of the Act (old age benefit payments) worked as a salesman for Electrolux Corporation in 1957 and 1958. The corporation paid him in 1957 as "commissions" a total of $1,415.90 but in earning this amount he incurred traveling expenses of $872.52

which were not reimbursable to him under his contract with Electrolux. The same situation existed in 1958, the comparable figures being $1,353.98 for commissions and $531.45 for expenses.

Section 203(e) of the Act (42 U.S.C.A. § 403(e)) provides for certain deductions from the old age benefit payments when the recipient's "earnings" exceed $1,200.00 in a taxable year. Claiming that Mr. Joyner had "earnings" of $1,415.90 in 1957 and $1,353.98 in 1958 the Secretary of Health, Education and Welfare determined that he had been overpaid in the sum of $517.50 during the two years in question and deducted this amount from payments subsequently falling due him.

After unsuccessfully exhausting his administrative remedies, Mr. Joyner brought this action to review the final decision of the Secretary.

Section 203(e) (4) (A) of the Act (42 U.S.C.A. § 403(e) (4) (A)) provides that:

"An individual's earnings for a taxable year shall be (i) the sum of his wages for services rendered in such year and his net earnings from self-employment for such year, minus (ii) any net loss from self-employment for such year."

The argument in this case is largely whether Joyner's income in the years in question was from wages or from self-employment. If it was from self-employment the reference to "net earnings" in section 203(e) (4) (A) plainly provides that his non-reimbursable expenses would be deductible so that his earnings would have been less than $1,200.00 in each of the years in question. But the argument of the case has seemed to assume that if Joyner was not self-employed the entire payments made him by Electrolux must be "wages" from which his expenses could not be deductible under the provisions of § 203(e) (4) (A) above quoted.

I do not believe that this last assumption is correct. "Wages" is not defined in the Act. But Social Security Administration Regulation No. 4 § 404.1026, 42

U.S.C.A.Appendix, defines "wages" in part as follows:

"(2) The term 'wages' means all remuneration for employment unless specifically excepted under section 209 of the act (see sec. 404.1027).

\*   \*   \*   \*   \*   \*

"(7) Amounts paid specifically— either as advances or reimbursements—for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages. Traveling and other reimbursed expenses must be identified either by making a separate payment or by specifically indicating the separate amounts where both wages and expense allowances are combined in a single payment."

It will be observed that under the last quoted paragraph reimbursements for expenses are not included as "wages" if they are "specifically" earmarked as such by the employer. But by some administrative legerdemain such reimbursements become "wages" if they are not specifically earmarked. No provision in the Act makes this distinction and while it would doubtless simplify the administration of the Act (at the expense of imposing injustices upon the taxpayers) if the Act did so provide, the Secretary has no authority to write such a provision into the Act.

■ Regulation or no regulation I do not believe that sums received in reimbursement of expenses constitute "wages" or "earnings". There was testimony to the effect that Electrolux had, for reasons of convenience, set the commissions paid to its salesmen at a figure which was deemed high enough to permit them to pay expenses they incurred in the work and still have, over and above expenses, sums that were deemed to be adequate compensation for their services.

Webster's New International Dictionary, Second Edition, Unabridged, defines "wages" as follows:

"Pay given for labor, usually manual or mechanical, at short stated intervals, as distinguished from salaries or fees."

Money paid in part as reimbursement of expenses does not, to the extent of that part, come within that definition.

Black's Law Dictionary, 4th Edition, has the following to say of "wages":

"Wages. A compensation given to a hired person for his or her services; the compensation agreed upon by a master to be paid to a servant, or any other person hired to do work or business for him. \* \* \* Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses and reasonable value of board, rent, housing, lodging, payments in kind, tips, and any other similar advantage received from the individual's employer or directly with respect to work for him. \* \* \*

"In a limited sense the word 'wage' means pay given for labor usually manual or mechanical at short stated intervals as distinguished from salary, but in general the word means that which is pledged or paid for work or other services; hire; pay. In its legal sense, the word 'wages' means the price paid for labor, reward of labor, specified sum for a given time of service or fixed sum for a specified piece of work. \* \* \*"

Again there is no suggestion that reimbursement for expenses incurred could be deemed to be "wages".

Furthermore it is simply inconceivable that Congress could have intended that an employee who grossed $1,400.00 but netted only $800.00 from his work would forfeit his right to social security payments while a self-employed man who grossed and netted precisely the same amounts could continue to draw old age benefits.

The government stresses the fact that under § 203(e)(4)(A) earnings are

defined on the one hand as "the sum of his wages" or on the other "his net earnings from self-employment". And from the failure of Congress to use any such term as *net wages* argues that although expenses are deductible in determining earnings from self-employment they are not deductible by an employee. Yet the government concedes that if the expenses of an employee are reimbursed by separate checks such payments do not constitute wages. But such reimbursements are still not "wages" (i. e., compensation for services) if they are paid along with compensation by a single check made large enough, in accordance with the employer's experience, to cover normal expenses and reasonable compensation. And it is incredible that Congress could have intended that of two persons having precisely the same net income for income tax purposes, one would have larger "earnings" for Social Security purposes than another simply because one was an employee and the other was self-employed. Congress used the term wages in its normal sense—pay for services— and therefore not including those portions of amounts received which merely reimbursed the employee for expenses incurred.

Furthermore the question would appear to have been put to rest, in this Circuit at least, by Angell v. Flemming (4th Cir. 1961), 291 F.2d 72. In that case Angell was a salesman for Stonhard Company, Inc. He received weekly pay checks of $60.00 less $1.20 of social security deductions. He paid his own expenses without reporting them to the company but on his weekly checks there were two blocks in one of which appeared the figure "$20.00" and in the other "Exp. $40.00". The government contended, as here, that the entire amount received was earnings, disallowing any deduction for expenses.

Angell brought suit in the District Court for the Eastern District of Virginia but then moved to remand the case to the Secretary for the taking of additional evidence in order that he might show just what his expenses were. The District Court refused to remand the case and entered summary judgment for the defendant but the Circuit Court reversed, saying at pp. 74–75:

"In the first place, it is obvious that a man cannot travel over a territory the size of the plaintiff's and not have substantial expenses. The referee, however, allocated nothing to expenses. Moreover, the record demonstrates, in spite of Stonhard's withholding F.I.C.A. tax on the entire $60.00 per week, that the employer considered part of this money to be for expenses which Angell paid out of his own pocket.

\*　\*　\*　\*　\*　\*

"Since it is indisputable that Angell must have had some traveling expenses to cover the territory, and as it is clear that both he and his employer considered $40.00 of the weekly check to be for business expenses, there is no rational basis for treating the entire $60.00 per week as income."

Consequently the case was remanded for the taking of evidence as to the actual expenses incurred by the plaintiff. Obviously there was no point in remanding the case to take evidence as to what the expenses amounted to unless the expenses were going to be allowed as a deduction in determining "earnings".

The government undertakes to distinguish the Angell case on the ground that in that case, irrespective of the facts, each pay check bore the annotations $20.00" and "Exp. $40.00" and urges that here there is nothing on the checks to indicate that any part of them was in reimbursement of expenses. But the court in Angell paid no attention to the arbitrary allocation referred to but remanded the case for a determination of what the expenses actually did amount to. In this case that is unnecessary as the actual amount of the expenses is known and not contested.

Shortly after the decision in Angell, supra, Judge Wyche of the Western District of South Carolina decided the simi-

lar case of Miller v. Ribicoff, 195 F.Supp. 534. After quoting the portions of the Act and the Regulation quoted above, Judge Wyche said at pp. 535–536:

"Plaintiff contends that sums paid to him as reimbursement for expenses were not 'wages' within the meaning of Section 209 of the Act, even though such sums were not specifically set aside or designated, as required under Regulation No. 4, and that the requirement of specific designation is an unreasonable extension of the statutory language defining 'wages'. Plaintiff further contends that Regulation No. 4 recognizes a Congressional intent to exclude from the definition of 'wages' sums paid for traveling and other expenses, and that there is no evidence of a Congressional intent to distinguish in this connection between sums specifically designated and sums not so identified.

\* \* \* \* \* \*

"The definition of 'wages' in the Act suggests no ground on which sums paid for traveling and other expenses might be considered 'wages'. Regulation No. 4 does recognize that such sums were not intended to be so considered.

\* \* \* \* \* \*

" \* \* \* It is not the purpose of this section to defeat the benefits to which an individual is entitled when that individual in fact earned less than the prescribed maximum. Angell v. Flemming, 4 Cir., 291 F.2d 72.

"I must, therefore, conclude that the commissions paid to plaintiff by the Samuel Brilliant Company during the months of April, 1957, through November, 1958, inclusive, were commissions which included unspecified sums paid to plaintiff as reimbursement for traveling and other necessary expenses of employment, and were not 'wages' within the meaning of Section 203 of the Social Security Act."

I agree.

 Having determined then that the amounts received, to the extent that they merely reimbursed the plaintiff for expenses incurred in connection with the business, do not constitute "wages" or "earnings" within the meaning of the Act it becomes unnecessary to decide the question, discussed at length in the briefs, as to whether Joyner was in fact an employee of Electrolux or was self-employed. For the government concedes that if he were self-employed his expenses would be deductible in determining his "earnings". And I have now held that they would likewise be deductible if he were an employee of Electrolux.

It follows that the Secretary's decision should be reversed and the case remanded to him for further proceedings in accordance with this opinion.

An order will be entered accordingly.