Aubrey H. **THOMPSON**

v.

Caspar **WEINBERGER**, Secretary Health, Education & Welfare.

Civ. A. No. 74–0119–R.

United States District Court,
E. D. Virginia,
Richmond Division.

June 2, 1975.

R. Harvey Chappell, Jr., Paul G. Turner, Richmond, Va., for plaintiff.

David G. Lowe, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Aubrey H. Thompson brings this action under Section 205(g) of the Social Security Act, as amended 42 U.S.C. § 405(g), to review a final decision of the Secretary in which it was held as a matter of law that the actual expenses he incurred as a city councilman could not be excluded from his gross income in determining "excess earnings" for the purpose of imposing deductions on his old-age insurance benefits under Sections 203(b) and (f) of the Act, 42 U.S.C. §§ 403(b) and (f). Both the plaintiff and the Secretary have moved the Court for summary judgment. Upon the memoranda and the transcript of the entire record of proceedings relating to plaintiff's claim, the Court deems this matter ripe for disposition.

The facts in this matter are not in dispute and are as follows: Plaintiff and his wife were awarded old-age and wife's insurance benefits, respectively, effective with the month of July 1967. Benefits were paid and continued to be paid thereafter based on plaintiff's statement that he was neither employed nor self-employed. Subsequently, plaintiff was elected as a city councilman for the City of Richmond. He took the oath of office on July 1, 1970, and has received, pursuant to section 4.01 of the Richmond City Code, a salary of $400 per month since that time.

Shortly thereafter, plaintiff opened an office and hired a part-time secretary to assist him in transacting his councilmanic business. Also at that time, he visited the Richmond offices of the Social Security Administration and the Internal Revenue Service to discuss the matter of business expenses. The evidence also indicates that plaintiff visited the Social Security Administration office on January 17, 1971, and again on April 13, 1971, and that on each occasion he submitted signed statements explaining his employment status with the city, his business expenses and related matters. Moreover, on the latter visit, he signed an annual report of his 1970 earnings in which he indicated gross wages of $2,400 and he requested a ruling from the Administration as to whether his expenses incurred in connection with his council duties were deductible from the wages paid to him for social security purposes.

By letter dated October 19, 1972, from the Department of Health, Education and Welfare, plaintiff was informed that his full salary as city councilman would be considered in determining the amount of Social Security benefits to be paid to him and his wife. It was also noted that based on his total earnings of $4,800 in 1971, he and his wife had re-

ceived an overpayment totalling $2,519.-90. In addition, the letter indicated that since he would earn $4,800 in 1972, their overpayments through October of that year had totaled $2,457.60. Plaintiff was informed that in order to recoup these amounts, it would be necessary to withhold all benefit payments to him and his wife from November 1972 through May 1974. Upon reconsideration, this determination was affirmed.

On April 13, 1973, an administrative law judge issued a decision favorable to plaintiff's claim finding that, as a matter of law, the expenses plaintiff incurred as a city councilman were sufficiently and specifically indicated as expense allowances and did not constitute "wages" within the meaning of the Social Security Act. Accordingly, the administrative law judge held that the plaintiff did in fact earn less than the maximum prescribed by law during the years 1970 and 1971, that no overpayment was made to him during that time, and that he was therefore entitled to the continuation of his benefits.

After review by the Appeals Council on its own motion, the decision of the administrative law judge was reversed on February 4, 1974. In its determination, which is the final decision of the Secretary for the purpose of this appeal, the Council held that, under Section 404.026(a)(8) of Regulations No. 4 of the Administration, even though an employee incurs business expenses in his work, such expenses cannot be deducted or otherwise excluded from his earnings unless they were specific advances or reimbursements paid by the employer to cover the business expenses and identified as such by the employer. The Council further held that in the instant case, the City of Richmond paid the plaintiff a monthly wage of $400, which amount did not include either an advance for business expenses or a reimbursement for such expenses.

In accordance with this finding, the Appeals Council held that, based on plaintiff's earnings of $2,400 in 1970 and $4,800 in 1971, his and his wife's benefits for those years were subject to reduction pursuant to Section 203(b) and (f) of the Act for amounts earned in excess of $1,680 per year. The Council further held, however, that since plaintiff was apparently without fault in accepting incorrect payments in 1970 and 1971, the adjustment of recovery of such overpayments would be against equity and good conscience and would, therefore, be waived by the Secretary.

Initially, the Court notes the Secretary's assertion that since he waived his right to recover alleged overpayments made to plaintiff and his wife during 1970 and 1971, any further relief at this time would be inappropriate. The Secretary also contends that since his final decision only determined amounts of benefits to which plaintiff and his wife were entitled for 1970 and 1971, the Court's consideration is restricted to that time period and should not include plaintiff's entitlement to benefits for the years 1972 through 1974.

■ The Court finds, however, that the Secretary's waiver of prior overpayments does not release plaintiff from the possibility of the Secretary's claiming subsequent overpayments, such as with regard to the benefits received by plaintiff and his wife during the first ten months of 1972. Moreover, it is clear that the Secretary's final decision, insofar as it provides an authoritative administrative interpretation of the statutes and regulations applicable to plaintiff's situation, has affected and continues to affect plaintiff's entitlement to old-age insurance benefits during his term in office. For these reasons, the Court concludes that the plaintiff's appeal of the Secretary's final decision is properly before it.

■ The Court would also note, preliminarily, that the Secretary has framed the only issue before the Court to be whether his decision is supported by substantial evidence. While this would indeed be correct were the question presented to the Court one of fact,

there is ample authority which suggests that where, as in this case, the controlling question is one of law, a reviewing court must be free to disregard the legal conclusions of the Secretary if it feels they are erroneous. See, *e. g., Kasey* v. *Richardson,* 462 F.2d 757 (4th Cir. 1972); *Ludeking* v. *Finch,* 421 F.2d 499 (8th Cir. 1970); *Flake* v. *Gardner,* 399 F.2d 532 (9th Cir. 1968). See also *Brooks* v. *Gardner,* 276 F.Supp. 20, 22 (W.D.Va.1967) and cases cited therein. Consequently, although the Secretary's legal determination in this matter should and will be accorded considerable weight, it is subject to a more rigorous form of judicial scrutiny than the Secretary has suggested.

Section 202(a) of the Social Security Act, as amended, 42 U.S.C. § 402(a), provides that every fully insured individual who has attained the age of 62 and who has filed application for old-age insurance benefits shall be entitled to an old-age insurance benefit equal to his primary insurance amount for each month in which he is so entitled. Section 203 of the Act, 42 U.S.C. § 403, however, provides in pertinent part:

> (b) Deductions, . . . shall be made from any payment or payments under this title . . . on the basis of such individual's wages and self-employment income, . . . if for such month he [claimant] is charged with excess earnings, under the provisions of subsection (f) of this section,

> &ast; &ast; &ast; &ast; &ast; &ast;

> (f) For purposes of subsection (b) of this section—

> (3) . . . (A)n individual's excess earnings for a taxable year shall be his earnings for such year in excess of the product of $140 multiplied by the number of months in such year, . . . .

> (5)(A) An individual's earnings for a taxable year shall be

> (i) the sum of his wages for services rendered in such year and his net earnings from self-employment for such year, . . . .

> (B) For purposes of this section—

> (i) an individual's net earnings from self-employment for any taxable year shall be determined as provided in section 211, except that paragraphs (1), (4), and (5) of section 211(c) shall not apply and the gross income shall be computed by excluding the amounts provided by subparagraph (D), . . . .

The term "wages" for social security purposes is defined by section 209 of the Act, 42 U.S.C. § 409, as " . . . remuneration paid after 1950 for employment, including the cash value of all remuneration paid in any medium other than cash . . . ." While section 209 also provides for various statutory exclusions from wages, they are not relevant to the instant matter.

With particular regard to the exclusion of business expenses from wages for services rendered, however, Social Security Administration regulations do provide that:

> Amounts paid specifically—either as advances or reimbursements—for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages. Traveling and other reimbursed expenses must be identified either by making a separate payment or by specifically indicating the separate amounts where both wages and expense allowances are combined in a single payment. 20 C.F.R. § 404.-1026(a)(8).

Other pertinent portions of the Social Security Act are found at section 210(a), 42 U.S.C. § 410(a), which provides:

> . . . The term "employment" means any service performed . . . except . . . such term shall not include . . .

> (7) Service performed in the employ of a State, or any political subdivision thereof . . . except that this

paragraph shall not apply in the case of—(A) service included under an agreement under section 218 . . . .

Section 218 of the Act, 42 U.S.C. § 418, further provides:

(a) . . . (1) The Secretary shall, at the request of any State, enter into an agreement with such State for the purpose of extending the insurance system established by this title to services performed by individuals as employees of such State or any political subdivision thereof. Each such agreement shall contain such provision, not inconsistent with the provisions of this section, as the State may request.

(b) . . . For the purposes of this section— . . . (3) The term "employee" includes an officer of a State or political subdivision. . . .

The Secretary contends that, pursuant to section 218 of the Act, 42 U.S.C. § 418, a contract was entered into between the Commonwealth of Virginia and the Social Security Administration extending the Old Age and Survivors' Insurance System to services performed by individuals employed by the Commonwealth or by any of its political subdivisions. He further alleges that pursuant to section (A)(2) of that agreement, the Commonwealth contracted that "[t]he term 'employee' . . . shall include an officer of the State or of one of its political subdivisions," and that, therefore, by express contract, the Social Security Administration has the right to categorize plaintiff as an "employee" rather than as a "self-employed" individual. Hence, the Secretary argues, contrary to plaintiff's assertions, section 203 of the Act, 42 U.S.C. § 403, which pertains to net earnings from self-employment, does not apply to plaintiff's situation. In this regard, the Court concludes the Secretary's position is well-taken.

Plaintiff's primary contention is that, assuming he is an employee of the City of Richmond, the Secretary may only consider his actual earnings—which he defines as gross earnings less business expenses—in calculating deductions in benefits due to "excess earnings." He argues that the Secretary, in utilizing a mechanical and restrictive application of the law, failed to accord the Act and, in particular, section 404.1026(a)(8) of his own regulations, the liberal interpretation to which they are entitled.

In support of his position, plaintiff argues four cases to the Court, all of which reversed or remanded the Secretary's findings that the claimants' gross earnings could not be reduced by their actual business expenses where the employers had not differentiated between net earnings and expenses when paying claimants their salaries. *Angell* v. *Flemming,* 291 F.2d 72 (4th Cir. 1961); *Sayer* v. *Richardson,* 360 F.Supp. 199 (W.D.La.1973); *Joyner* v. *Ribicoff,* 206 F.Supp. 874 (W.D.Va.1962); *Miller* v. *Ribicoff,* 195 F.Supp. 534 (W.D.S.C. 1961). The Secretary, on the other hand contends that these decisions are inapposite to plaintiff's situation, as they all involve traveling salesmen whose employers expect and intend that certain money paid to their employees would be spent on charges incurred in traveling. The Court, however, finds this argument on the part of the Secretary unpersuasive.

In his testimony before the administrative law judge hearing his claim, plaintiff stated that prior to his election, he had promised the voters of the city that he would "plow back" his salary to make himself available to the public. Since taking office, he had maintained an office and part-time secretary to fulfill this commitment. He stated further that while he does not have a written agreement with the city to maintain an office for his councilmanic duties, such facilities are reasonable and necessary for the functions of those duties, and this payment he receives enables him to provide a central place for contact with constituents.

At his hearing, plaintiff also indicated that other members of the city council

have business facilities from which to serve the public, and that, being retired, he has only the office he maintains out of his councilman's funds. He further related that city councilmen are called upon to attend frequent meetings of the council and various committees and that, on occasion, he must be away from home and bear such expenses as food cost, cleaning, laundry, gasoline and other transportation expenses. He stated that city councilmen do not have an expense account.

 While the Secretary correctly argues that the city council had the power to reimburse plaintiff for his actual expenses incurred in representing the city, pursuant to section 4.01 of the Richmond City Code, and that the council did not specifically allocate part of plaintiff's salary for business expenses, the Court does not find these facts to be determinative. Since the Secretary apparently does not dispute the fact that actual expenses were incurred by plaintiff in furtherance of his official duties, the Court finds the Secretary's refusal to allow plaintiff to deduct such expenses from his gross income for purposes of sections 203(b) and (f) of the Act, 42 U.S.C. §§ 403(b) and (f), to be both arbitrary and without legal authority. For, as Judge Michie has previously noted with regard to section 404.1026(a)(8) of the Social Security Administration regulations:

> No provision in the Act makes this distinction and while it would doubtless simplify the administration of the Act (at the expense of imposing injustices upon the taxpayer) if the Act did so provide, the Secretary has no authority to write such a provision into the Act. *Joyner* v. *Ribicoff, supra,* 206 F.Supp. at 876.

Having thus determined that the amounts plaintiff received from the City of Richmond, to the extent they merely reimbursed him for expenses incurred in connection with his duties, do not constitute "wages" within the meaning of the Social Security Act for the purpose of

reducing plaintiff's old age benefits due to "excess earnings," the Court will deny the Secretary's motion for summary judgment, will grant plaintiff's motion for summary judgment, and will remand this matter to the Secretary for further proceedings in accordance with this opinion.

An appropriate order will issue.