**Raymond E. CANTRELL, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 81–0100–B.**

United States District Court,
W. D. Virginia,
Big Stone Gap Division.

Feb. 19, 1982.

Robert A. Vinyard, Abingdon, Va., for plaintiff.

T. J. Bondurant, Asst. U. S. Atty., Roanoke, Va., for defendant.

MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This action interestingly requires the court to determine an issue left unresolved by this court's decision in *Hall v. Harris,* 487 F.Supp. 535 (W.D.Va.1980). In that case, the court concluded that the Secretary of Health, Education and Welfare (now Secretary of Health and Human Services) could reduce social security disability insurance benefits by the statutorily permissible amount received under state workmen's compensation awards even though there would be no reduction or offset for benefits payable under Part B of Title V of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 921 *et seq.* It was noted in *Hall, supra,* that Part C of Title IV then had its own offset provisions, and this action raises the question of whether Part C, Black Lung Benefits, constitute

offsetable federal workmen's compensation as contemplated by 42 U.S.C. § 424a.

In that connection, plaintiff has heretofore been found eligible for social security disability benefits by an Administrative Law Judge on March 17, 1976, the said benefits being effective February, 1975. Undeniably, the plaintiff thereafter was awarded interim black lung benefits under Part C of the Federal Coal Mine Health and Safety Act of 1969, as amended (30 U.S.C. § 931 *et seq.*) and thereafter was notified by the Department of Health, Education, and Welfare (now Department of Health and Human Services) that his social security disability benefits would be reduced by the amount he received monthly from the black lung disability trust fund. The question of reduction was the subject of a decision dated September 19, 1980 by an Administrative Law Judge (Law Judge) which affirmed the lower administrative determination and found that claimant's black lung benefits under Part C were properly being considered as workmen's compensation payments and were therefore, reducible under the formula prescribed by 42 U.S.C. § 424a. This decision was adopted as a final decision of the Secretary by action of the Appeals Council on March 3, 1981, pursuant to which plaintiff instituted this action. Since the articulated question before the court is one of law, the court will scrutinize the Secretary's determination in order to ascertain whether his conclusions are erroneous. *Thompson v. Weinberger*, 395 F.Supp. 1102 (E.D.Va., 1975). *See also Kasey v. Richardson*, 462 F.2d 757 (4th Cir. 1972); *Brooks v. Gardner*, 276 F.Supp. 20 (W.D.Va.1967).

Section 224 of the Social Security Act provides a formula by which social security disability benefits are reduced (offset) by amounts received by virtue of entitlement to either federal or state workmen's compensation for total or partial disability. 42 U.S.C. § 424a. The constitutionality of this offset provision is conceded by the plaintiff. Record at 121.

In the 1969 enactment of Subchapter IV of the Coal Mine Health and Safety Act, Black Lung Benefits, Congress recognized the magnitude of death and disability caused by coal miner's pneumoconiosis and found that "few states provide benefits for death or disability due to this disease . . . ." 30 U.S.C. § 901. Accordingly, Congress set out to provide benefits for existing cases and to insure benefits for future deaths or disabilities due to pneumoconiosis. Similarly, Congress defined the parameters of entitlement and prescribed statutory procedures through which claimants could assert entitlement to benefits by utilizing the then existing administrative framework of the Secretary of Health, Education, and Welfare (now Secretary of Health and Human Services). 30 U.S.C. §§ 902, 924.

The 1969 enactment further provided that benefits payable under Part B were reducible by an amount equal to payments received under state workmen's compensation, unemployment, or disability laws as well as excess earnings paid under Title 42 § 402 of the Social Security Act, 30 U.S.C. § 922(b). It further directed a reduction of payments under Part C in an amount equal to compensation received on account of the miner's pneumoconiosis. 30 U.S.C. § 932(g). The 1972 amendments to § 922(b), however, expressly excluded Part B benefits from consideration as "workmen's compensation" benefits for purposes of offset under 42 U.S.C. § 424a. Nevertheless, these amendments did not affect, by express statutory language, the 1969 offset provisions under § 932(g).

Congress again amended Subchapter IV by the Black Lung Benefits Reform Act of 1977 (approved March 1, 1978) which reformation, again, failed to expressly address itself to the reduction provisions of § 932. However, 30 U.S.C. § 940 provided:

> The amendments made by the Black Lung Benefits Act of 1972 and the Black Lung Reform Act of 1977 to Part B of this Subchapter shall, to the extent appropriate, also apply to this part.

Because of this amendment, plaintiff's counsel innovatively contends that when § 922(b) is read in conjunction with the provisions of 30 U.S.C. § 940, Part C benefits are statutorily excluded as workmen's

compensation benefits and, therefore, his social security award is not thereby reducible.[1] The Secretary contends, on the other hand, that Part C benefits are federal workmen's compensation benefits as opposed to Part B benefits which, according to the Secretary, are "catch up" benefits implemented during a period which enabled the states to establish their own compensation coverage for pneumoconiosis. The Secretary believes that Congress did not wish to implicitly amend the offset provisions of Part C, and, in the absence of explicit statutory language to that extent, plaintiff's social security disability benefits must be offset by the amount of benefits he receives under Part C, Black Lung Benefits. The court agrees with this analysis for several reasons.

First, as he observed in *Hall v. Harris, supra,* the offset in this particular action occurred not through the operation of 30 U.S.C. § 932(g) but rather, through the independent operation of 42 U.S.C. § 424a.[2] If Congress had wished, during the reform process, to eliminate the offset provisions under consideration, it would have been easy for it to so state. It did so with respect to 30 U.S.C. § 922(b) in the Black Lung Benefits Reform Act of 1977. As noted, however, there is an absence of any express amendment for Part C benefits either under Title 30 or Title 42.

Second, the court is of the opinion that Part B benefits were, and are, "catch up" benefits. The 1969 version of 30 U.S.C. § 924 limited Part B benefits to claims arising before December 31, 1973. Benefits arising after that date were, and are, controlled by 30 U.S.C. § 931 *et seq.* wherein Congress provided a mechanism for deferring federal claims for black lung benefits in cases where the states have "adequate" workmen's compensation laws. In the event that the state laws provide inadequate coverage for pneumoconiosis, the claimant is then permitted to file for benefits with the appropriate administrative body under Part C as if the claim had arisen under Part B, 30 U.S.C. § 932. Therefore a fair reading of Part C compels a finding that it provides federal workmen's compensation in absence of "adequate" state workmen's compensation.

Therefore the court must conclude that in absence of express statutory language, the provisions of 30 U.S.C. § 940 cannot be construed to amend the reduction provisions of 42 U.S.C. § 424a. Furthermore, the court finds Part C benefits to be workmen's compensation benefits otherwise offsetable under 42 U.S.C. § 424a. Accordingly, the decision of the Secretary to reduce social security benefits under the formula prescribed by law occasioned by the receipt by claimant of Part C, Black Lung Benefits is not erroneous and shall be affirmed.

An order will enter this date in accordance herewith.

---

1. It is noted that plaintiff's counsel in this case presented the innovative arguments considered by the court in *Hall v. Harris, supra.*

2. Section 932(a), by its terms, limits itself to reduction of Part C benefits by state or federal compensation benefits. No reference can be inferred from this provision to reduction of social security benefits on account of entitlement to Part C benefits.