### Ross A. LIVINGSTONE

v.

### Margaret M. HECKLER, Secretary, Department of Health and Human Services.

### Civ. A. No. M–84–2837.

United States District Court,
D. Maryland.

Aug. 16, 1985.

Joan L. O'Sullivan, Legal Aid Bureau, Inc., Annapolis, Md., for plaintiff.

Catherine C. Blake, U.S. Atty., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for defendant.

### MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

Plaintiff, Ross A. Livingstone, brought this action seeking review of a final decision of the Secretary of Health and Human Services ordering recovery of retirement insurance benefits from an alleged overpayment (Paper No. 1). On cross motions for summary judgment, this case was referred to United States Magistrate Clarence E. Goetz, who on March 13, 1985, issued a Report and Recommendation in

---

which he recommended that defendant's motion for summary judgment be denied and plaintiff's motion for summary judgment be granted (Paper No. 9). Defendant has filed objections to the Magistrate's Report and Recommendation (Paper No. 12).

The issue in this case is whether the sum of $3,195.00, which plaintiff claims was spent for business expenses during 1981 in his employment as a traveling salesman, should be deducted from his earnings in determining whether there had been an overpayment to him of retirement insurance benefits. Defendant asserts that the business expenses are not deductible under 20 C.F.R. § 404.1045,[1] because plaintiff's employer did not make separate expense payments, nor did his employer delineate in its payments to him any share of those payments intended for reimbursement of expenses.

The Magistrate recommends following a line of cases referred to as "the traveling salesmen cases," in which the courts have rejected arguments that the gross income of a traveling salesman, without allowance for necessary travel expenses, should be the measure for determination of a retirement benefit overpayment. *See Angell v. Flemming*, 291 F.2d 72 (4th Cir.1961); *Joyner v. Ribicoff*, 206 F.Supp. 874 (D.W.Va. 1962); *Miller v. Ribicoff*, 195 F.Supp. 534 (D.S.C.1961).

Defendant asserts that this court should reject the Magistrate's recommendation, arguing that the Fourth Circuit, in *Thompson v. Weinberger*, 548 F.2d 1122 (4th Cir. 1976), although aware of the traveling salesmen cases, upheld the validity of the regulation now found at 20 C.F.R. § 404.-1045.[2] Defendant's reliance on *Thompson* is misplaced.

*Thompson* involved, not a traveling salesman, but an elected city official who

decided to use part of his salary to rent an office and employ a part-time secretary, although such was not required by the city and there was no agreement by the city to reimburse him for that expense.

The Fourth Circuit, however, while mentioning the "traveling salesmen cases" cited above, as well as several cases from other jurisdictions in which a contrary result was reached, found these cases inapplicable, concluding that the expenses in *Thompson* were not analogous to the inevitable expenses of traveling faced by traveling salesmen.

The Fourth Circuit stated:

"The case before us is not one in which the reimbursed expenses were required by an employer, even as a practical necessity; the case here is one in which the expenses now claimed to be reimbursable were not required by the employer, and for which the plaintiff did not even seek reimbursement from the City in addition to his salary, although a specific provision of the City Charter would have allowed him so to do. In these circumstances, we find no reason to apply, and we do not, those traveling salesmen cases which would exclude the expenses. We do not express an opinion as to which group of the traveling salesmen cases is correct. That matter is better left for another day."

548 F.2d at 1126–27. Thus, the decision in *Thompson* does not affect the otherwise apparent validity of the holdings in "the traveling salesmen cases."

Moreover, the court has reviewed the record and is satisfied that the Magistrate's conclusions are correct, and that the rule of law expressed in "the traveling salesmen cases" is sound. As stated by the court in *Joyner v. Ribicoff*, 206 F.Supp. at 876:

travel and other expenses either by making a separate payment or by specifically stating the separate amounts if both wages and expense allowances are combined in a single payment."

---

1. 20 C.F.R. § 404.1045 provides:

"Amounts that your employer pays you specifically—either as advances or reimbursements—for traveling or for other ordinary and necessary expenses incurred, or reasonably expected to be incurred, in your employer's business are not wages. The employer must identify these

2. The regulation was then codified as 20 C.F.R. § 404.1026(a)(8).

"[I]t is simply inconceivable that Congress could have intended that an employee who grossed $1,400.00 but netted only $800.00 from his work would forfeit his right to social security payments while a self-employed man who grossed and netted precisely the same amounts could continue to draw old age benefits."

See also *Sayer v. Richardson*, 360 F.Supp. 199 (W.D.La.1973).

It is indisputable that plaintiff, as a traveling salesman, would incur expenses from his travel. A letter from plaintiff's employer to the Social Security Administration stated that an amount of $500.00 was paid to plaintiff each month "[a]s an advance towards expenses incurred in the pursuit of sales" (Paper No. 4, Tr. 65). This court agrees with the holdings in "the traveling salesmen cases" that plaintiff should not be penalized for the failure of his employer specifically to identify the amounts paid as reimbursement for expenses when he can otherwise prove the amount of his expenses.

Plaintiff has submitted evidence that during 1981, he spent $3,195.00 for travel expenses in connection with his employment (*id.*, Tr. 61). In the event that the Secretary has any reason to dispute the amount of the claimed expenses, she should have such opportunity, as the issue was not previously addressed at the agency level. Therefore, the case will be remanded to the Secretary for a determination of the amount of travel expenses, which shall then be deducted from plaintiff's earnings.

In addition, the court adopts the Magistrate's conclusion that "the ALJ's conclusion that the plaintiff was not without fault as to his acceptance of the payments is clearly erroneous and not supported by substantial evidence" (Paper No. 9 at 6). Therefore, if there remains some overpayment after deduction of plaintiff's travel expenses, plaintiff should be given a new hearing for consideration of waiver.

Accordingly, it is this 16th day of August, 1985, by the United States District Court for the District of Maryland, ORDERED:

1. That the Magistrate's Report and Recommendation be, and the same is hereby, ADOPTED.

2. That the defendant's Motion for Summary Judgment be, and the same is hereby, DENIED.

3. That the plaintiff's Motion for Summary Judgment be, and the same is hereby, GRANTED.

4. That this case is REMANDED to the Secretary for further proceedings consistent with this opinion.