**John G. BALLARD, Plaintiff–Appellee,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services,\* Defendant–Appellant.**

**No. 88–3837.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1989.

Decided May 25, 1990.

---

\* Louis W. Sullivan, M.D., has been substituted for Otis R. Bowen, M.D., pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure.

Ben A. Porter, Asst. Regional Counsel, Dept. of Health and Human Services, Seattle, Washington, for defendant-appellant.

Stuart W. Scarff, Neubauer & Hunsinger, Seattle, Wash., for plaintiff-appellee.

Before BROWNING, ALARCON and HALL, Circuit Judges.

PER CURIAM:

The Secretary of Health and Human Services appeals the district court order grant- ing Ballard retirement benefits based on his net earnings for the years 1984 and 1985. We reverse.

Ballard was receiving social security retirement benefits when he began working as a traveling salesman for LSI Cuckler. His retirement benefits depended in part on current income. Retirement benefits are reduced by a percentage of each dollar earned in excess of an "exempt amount." 42 U.S.C. §§ 403(b)(1), (f)(3). In calculating his retirement benefits, Ballard subtracted his business and travel expenses from his gross earnings. The Secretary paid Ballard in accordance with Ballard's calculations, but later notified him of an overpayment. Upon administrative review, the Secretary ruled that the reimbursement for expenses was not deductible because Ballard's employer had failed to separate wages from expenses on Ballard's paycheck as required by 20 C.F.R. § 404.1045.[1] The district court reversed the Secretary's ruling on the ground that section 404.1045 was invalid, particularly as applied to traveling salesmen. The Secretary appeals.

Our review is limited to determining whether the regulation exceeds the Secretary's statutory authority or is arbitrary and capricious. *Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir.1988). Ballard argues the regulation is invalid as applied to him because it creates an arbitrary distinction between self-employed individuals and employees.[2] We rejected this argument in *Greenhow*, concluding that the regulation was consistent with the statute, and that "differential treatment for self-employed persons and employees is entirely reasonable." *Id.* at 638.

---

1. Section 404.1045 provides:
   Amounts that your employer pays you specifically—either as advances or reimbursements—for traveling or for other ordinary and necessary expenses incurred, or reasonably expected to be incurred, in your employer's business are not wages. The employer must identify these travel and other expenses either by making a separate payment or by specifically stating the separate amounts if both wages and expense allowances are combined in a single payment.

2. In his brief on appeal, Ballard argued in the alternative that he had in fact complied with the requirements of section 404.1045. At oral argument, however, Ballard's counsel conceded this issue had not been raised in the district court below, and has not argued exceptional circumstances to excuse this failure. Accordingly, we decline to consider the question of Ballard's compliance. *See Greenhow*, 863 F.2d at 638–39.

Ballard raises an additional argument not reached in *Greenhow*, contending section 404.1045, even if valid, should not be construed to apply to him. Ballard relies on a line of district court cases permitting traveling salesmen to deduct business expenses from their gross income for the purpose of computing retirement benefit overpayments, even though their employers did not specifically designate portions of the remuneration as reimbursement for expenses.[3]

The opinions in these cases suggest no reason why salesmen should be exempt from the regulation when non-salesmen employees are not. On this issue they rely heavily on the rationale of *Joyner v. Ribicoff*, 206 F.Supp. 874 (W.D.Va.1962), that it is "simply inconceivable that Congress could have intended" to treat employees differently from the self-employed. *Id.* at 876–77. We have already held the distinction is not "inconceivable"; indeed, we have stated that it is "entirely reasonable." *Greenhow*, 863 F.2d at 638. The Second and Eleventh Circuits have also held, in cases involving traveling salesmen, that section 404.1045 "has a rational basis and is authorized." *Davis v. Bowen*, 840 F.2d 822, 824 (11th Cir.1988) (quoting and following *Colby v. Harris*, 622 F.2d 644, 646 (2d Cir.1980)).

REVERSED and REMANDED.

---

**3.** *See Livingstone v. Heckler*, 618 F.Supp. 720 (D.Md.1985); *Sayer v. Richardson*, 360 F.Supp. 199 (W.D.La.1973); *Joyner v. Ribicoff*, 206 F.Supp. 874 (W.D.Va.1962); *Miller v. Ribicoff*, 195 F.Supp. 534 (W.D.S.C.1961).

*Angell v. Flemming*, 291 F.2d 72 (4th Cir. 1961), also cited by Ballard, cannot properly be included in the line of "traveling salesmen" cases. In *Angell* the employer had designated in Angell's paychecks $40 per week for expenses. *Id.* at 74. The circuit court remanded for a determination whether Angell's allowable expenses in fact amounted to the $40 per week claimed. *Id.* at 75. In a later case, the Fourth Circuit declared that the validity of the "traveling salesmen" cases was undecided in that circuit. *See Thompson v. Weinberger*, 548 F.2d 1122, 1127 (4th Cir.1976).