**John COLBY, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. 79 Civ. 1194 (RLC).**

United States District Court, S. D. New York.

Jan. 17, 1980.

---

Stutman & Rothberg, New York City, for plaintiff; William J. Stutman, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for defendant; Robert M. Jupiter, Asst. U. S. Atty., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

John Colby brought this action under section 205(g) of the Social Security Act, as amended (the "Act"), 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health, Education and Welfare ("Secretary") that Colby was overpaid $8,982.10 in retirement insurance benefits for the years 1974 through 1976 and that recovery thereof may not be waived. The parties agree that no material questions of fact are in dispute, and that the case is appropriate for a decision on the basis of the administrative record. Colby has moved for summary judgment, and the Secretary for judgment on the pleadings.

*Facts*

Colby was born in 1907 and became eligible for Social Security benefits in April, 1971. During 1974, 1975 and 1976, Colby

was employed as a traveling salesman by Fresco-Hudson Sales & Marketing, Inc. ("Fresco"), and also was self-employed as a representative of Waldorf Bakers, Inc. ("Waldorf"). Throughout this period, Colby and his wife collected benefits in amounts determined with reference to reports of annual earnings prepared by Colby and submitted to the Social Security Administration ("SSA").

Colby's employment agreement with Fresco provided for a 50% commission on sales plus $40 per week toward expenses. Colby's actual expenses related to his Fresco job were approximately $120 per week, but he was not reimbursed for expenses beyond the $40 allowance. His commission rate of 50%, however, was somewhat higher than is usual in his line of work, apparently to defray these additional expenses.

Colby calculated his earnings for the SSA reports in the same manner as he arrived at his net income on income tax returns. In each case, he added the commissions he received from Fresco to his gross income from Waldorf and the $40 per week expense money from Fresco, and then deducted all of his business expenses to arrive at net taxable income for income tax purposes and earnings for SSA report purposes.

This method of reporting was acceptable to the Internal Revenue Service, but not to the SSA, and in 1977 the latter agency notified Colby that he had been overpaid during the previous three years as a result of an error in his earnings reports involving excessive deductions from gross income. On October 10, 1977, Colby filled out an SSA overpayment recovery questionnaire in which he indicated that repayment would not constitute a hardship, although he did not admit that he had been overpaid. He later repudiated this response in a letter to the SSA Appeals Council, in which he explained that when he said repayment would not be a hardship he was referring only to

the alleged overpayment for 1974 and that, in any case, his circumstances were materially altered by his subsequent loss of employment so that any restitution now would constitute a hardship.

Colby pursued available administrative remedies to a final determination of the Secretary, and then brought the matter here for a review of the Secretary's holding.

*The nature of the dispute*

At issue in this case is the Secretary's interpretation of section 203(f)(5)(A) of the Act, 42 U.S.C. § 403(f)(5)(A), which provides in relevant part: "An individual's earnings for a taxable year shall be (i) the sum of his wages for services rendered in such year and his net earnings from self-employment for such year . . . ."[1] SSA Regulations No. 4, applying this section, provides:

> Amounts paid specifically—either as advances or reimbursements—for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages. Traveling and other reimbursed expenses must be identified either by making a separate payment or by specifically indicating the separate amounts where both wages and expense allowances are combined in a single payment.

20 C.F.R. § 404.1026(a)(8).

Colby claims that this mechanical approach to expenses wage-earners may deduct in calculating their earnings is not authorized by the Act. He argues that the controlling factor in determining whether amounts paid are treated as wages or deductible expenses should be the employer's and employee's intent rather than whether expenses were specifically labeled as such by the employer.

The Secretary responds that the regulation in question is valid, and that his final determination is supported by substantial evidence and should be affirmed.

---

1. "Wages" is defined at section 209, 42 U.S.C. § 409, as "remuneration . . . for employment, including the cash value of all remuneration paid in any medium other than cash. . . ." Section 211(a), 42 U.S.C. § 411(a), defines "net earnings from self-employment" as "the gross income . . . derived by an individual from any trade or business carried on by such individual, less the deductions allowed under [Chapter 1, Internal Revenue Code of 1939,] which are attributable to such trade or business . . . ."

*Determination*

■ Because 20 C.F.R. § 404.1026(a)(8), *supra,* provides the basis of the Secretary's finding that Colby was overpaid, the initial question to be determined is its validity. Colby contends that the distinction made in the regulation between the self-employed, who are permitted to report only their *net* earnings to the SSA, and wage-earners, who must report all remuneration except amounts designated by their employers as allowances or reimbursements for expenses, is arbitrary and without basis in the statute. This argument is without merit.

The Act itself is the original source of the disparate treatment accorded wage-earners and the self-employed. Section 203(f)(5)(A), *supra,* introduces the distinction and provides different means of calculating earnings depending upon in which category an individual falls. It is natural that the distinction is carried over to the regulation.

The line drawn in the regulation between allowances and reimbursements explicitly designated as such and all other remuneration coincides with the line separating payments to employees on which an employer need not make F.I.C.A. contributions and those for which he must do so. An employer is unlikely to make F.I.C.A. payments when he is not required to do so, and therefore is quite likely to segregate all expense payments to employees. Thus, in the great majority of cases, wage-earners reporting their earnings in accord with the regulation will be entitled to deduct all amounts actually attributable to expenses.

Additional bases for distinguishing between employees and the self-employed in calculating their earnings under the Act may be found in the different practical results flowing from these two categories under the Act's general scheme. In the case of employed persons, for example, both the employee and his employer make equal F.I.C.A. contributions based upon gross wages throughout the employee's working life. The self-employed, in contrast, make only one F.I.C.A. contribution which is a substantially smaller percentage of earnings than the combined contributions made on behalf of a wage-earner, and this contribution is based upon net rather than gross income. The regulation in question is consistent with this general scheme.

The regulation thus clearly has a rational basis in the Act. And although the regulation may work a hardship in Colby's specific case, by preventing him from deducting all amounts he claims were business expenses in reporting his earnings to the SSA, this individual hardship does not render the regulation invalid. As noted above, the regulation is reasonably calculated to allow wage-earners all deductions to which they are entitled, and is therefore free of any "invidious discrimination." This, together with its being consonant with the Act, is sufficient to validate the regulation. *Mathews v. de Castro,* 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976); *Richardson v. Belcher,* 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971).

■ The next question is whether the Secretary's determination is supported by substantial evidence in the administrative record. There is no dispute that the only amounts Fresco paid to Colby during the years in question that were segregated from wages and denominated allowances for expenses were the weekly $40 payments described above. No reimbursements for expenses were made. The Secretary acknowledged the legitimacy of Colby's deduction of the $40 payments from his gross receipts. Therefore, the Secretary's finding of overpayments based on Colby's deductions of more than $40 per week from his Fresco commissions is supported by substantial evidence, and must be affirmed. *Gold v. Secretary of HEW,* 463 F.2d 38, 41 (2d Cir. 1972); *Flores v. Dept. of HEW,* 465 F.Supp. 317 (S.D.N.Y.1978) (Conner, J.); 42 U.S.C. § 405(g).

One final question remains. The Secretary required plaintiff to refund the overpayments, pursuant to section 204(a)(1) of the Act, 42 U.S.C. § 404(a)(1). Plaintiff, claiming that he was without fault in mistakenly taking unwarranted deductions in his SSA earnings reports, and that his

present financial situation is such that requiring him to make restitution would be against equity and good conscience, argues that recovery of the overpayments should be waived, relying on section 204(b), 42 U.S.C. § 404(b).[2]

For Colby to prevail on this point, he must prove, pursuant to section 204(b), both that he was faultless and that recovery would be inequitable. The SSA Appeals Council found that Colby was without fault as to the 1974 overpayment, but that because Colby had the resources to repay, recovery by the government of that overpayment would not violate principles of equity or good conscience. With respect to the 1975 and 1976 overpayments, the SSA found that Colby was not faultless because he had been notified of the error in his deduction computation method and that he was therefore not entitled to consideration of a waiver as to those years.

These findings are supported by substantial evidence. As noted above, Colby admitted in his overpayment questionnaire that repayment would not constitute a hardship; while he later repudiated this statement, his disclaimer went only to the 1975 and 1976 overpayments. Thus, despite additional evidence concerning Colby's changed circumstances, the Secretary's findings as to 1974 are supported by the record.

As to the question of fault with respect to the overpayments in 1975 and 1976, the SSA in its Reconsideration Determination found that the relevant rules regarding deductions were explained to plaintiff when he filed his 1975 and 1976 reports.[3] This conclusion is supported by Colby's own statement during the hearing below that "on one of my visits to the Social Security Office they said, oh, you're wrong, you can't

do that," referring to Colby's practice of reporting his Waldorf earnings and deductions lumped together with those from Fresco.[4] This evidence is clearly "more than a mere scintilla . . . [and such that] a reasonable mind might accept as adequate to support a conclusion," *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938), and is therefore sufficient to sustain the Secretary's finding. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); 42 U.S.C. § 405(g).

*Conclusion*

For the reasons stated above, the Secretary's motion for judgment on the pleadings is granted, and Colby's complaint is dismissed. Plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.

---

2. Section 204, 42 U.S.C. § 404, provides in relevant part:

   (a) Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made . . . .

      \*    \*    \*    \*    \*    \*

   (b) In any case in which more than the correct amount of payment has been made,

there shall be no . . . recovery by the United States from any person who is without fault if such . . . recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

3. Administrative Record, p. 57.

4. Transcript of Hearing, p. 18, Administrative Record, p. 39.