**John COLBY, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 1108, Docket 80–6056.**

United States Court of Appeals, Second Circuit.

Argued May 6, 1980.

Decided May 23, 1980.

John Colby, plaintiff-appellant, pro se.

Robert M. Jupiter, Asst. U. S. Atty., New York City (William M. Tendy, U. S. Atty., S.D. New York, Michael H. Dolinger, Asst. U. S. Atty., New York City, of counsel), for defendant-appellee.

Before FRIENDLY, FEINBERG and TIMBERS, Circuit Judges.

PER CURIAM:

Plaintiff John Colby appeals from an order of the United States District Court for the Southern District of New York, Robert L. Carter, J., granting judgment on the pleadings to defendant Secretary of Health, Education and Welfare. Appellant's complaint sought review of a final determina-tion of the Secretary that appellant was overpaid $8,982.10 in retirement insurance benefits for the years 1974 through 1976 and that recovery of the overpayments may not be waived. For reasons indicated below, we affirm the judgment of the district court.

Appellant became entitled to Social Security benefits in 1971. During the years 1974 through 1976, appellant was employed as a traveling salesman by Fresco-Hudson Sales & Marketing, Inc. ("Fresco") and also was self-employed as a representative of Waldorf Bakers, Inc.; Fresco paid appellant a fifty percent sales commission and $40.00 a week for expenses. Under the Social Security Act, ("the Act") deductions will be made from an individual's social security benefits if he earns more than a certain amount from wages or self-employment income. See 42 U.S.C. §§ 403(b) and (f). During the years 1974 through 1976, appellant and his wife continued to receive benefits, the amounts of which were determined on the basis of annual earnings reports submitted by appellant.

In 1977, however, the Social Security Administration determined that appellant had erroneously computed his net earnings for the three previous years. In calculating net earnings, appellant had deducted from his gross employment earnings all of his expenses in connection with his employment by Fresco; however, the Administration allows a wage earner to deduct as expenses only those amounts specifically identified by the employer as advances or reimbursements for expenses. See 20 C.F.R. § 404.-1026(a)(8) ("the Regulation"), reprinted in the margin.[1] Since Fresco paid appellant only $40.00 a week for expenses, the Administration concluded that appellant could not deduct more than that amount as weekly expenses attributable to his employment with Fresco. Thus, the Administration recomputed appellant's earnings in the years

---

1. 20 C.F.R. § 404.1026(a)(8) provides:

Amounts paid specifically—either as advances or reimbursements—for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages. Traveling and other reimbursed expenses must be identified either by making a separate payment or by specifically indicating the separate amounts where both wages and expense allowances are combined in a single payment.

involved; this increased his earnings well above the amounts he had previously reported, requiring a reduction in benefits. Accordingly, the Administration found that appellant and his wife had received overpayments of benefits in the amount of $8,982.10 as a result of excessive deductions for expenses. After the Secretary reached a final decision to the same effect, appellant sought review in the district court; he unsuccessfully argued there that the Regulation was unauthorized and had no rational basis in the Social Security Act and that, in any event, repayment here should be waived.

Appellant's principal argument before us, as it was before Judge Carter, is that the Regulation, in effect, unfairly distinguishes between those who are self-employed and those who earn wages as employees of others. The self-employed need report as "earnings" only net earnings, see 42 U.S.C. § 403(f)(5)(A), while the effect of the Regulation is that the wage earner must report as "earnings" all remuneration except amounts "paid specifically" as reimbursements or advances for expenses. Thus, in computing his earnings from his employer, Fresco, for Social Security purposes, appellant could not deduct expenses in excess of the $40.00 a week Fresco had earmarked as reimbursement for expenses. In contrast, if appellant had been solely self-employed, he could have deducted all of his expenses from his gross earnings.[2]

Judge Carter rejected appellant's argument that this disparate treatment required him to set aside the Regulation. We affirm the decision of the district court substantially for the reasons set forth in Judge Carter's opinion, reported at 489 F.Supp. 461 (S.D.N.Y. 1980). As that opinion points out, the difference in treatment between wage earners and the self-employed is consistent with the terms of 42 U.S.C. § 403(f)(5)(A), which distinguishes between

earnings from wages and from self-employment. Moreover, although the Regulation appears to present a surface inequity, the basis for the distinction it draws becomes clearer when the Regulation is read in the context of other provisions of the Act. As Judge Carter noted, employers are not required to pay Federal Insurance Contribution Act (F.I.C.A.) taxes on payments designated as reimbursements for expenses; employers therefore have an obvious incentive not to fix such allowances at a figure lower that the facts warrant. Moreover, an equally situated employee and self-employed worker are treated differently under contribution and benefit provisions of the Act. The employee pays less F.I.C.A. tax and receives higher benefits than a self-employed worker. But the self-employed individual who continues to work while receiving benefits is entitled to deduct all business expenses in computing his earnings for purposes of determining whether his benefits are excessive. The Regulation thus equalizes to a certain extent the disadvantages to self-employed workers as a result of other provisions of the Act. Under the circumstances, we do not think Judge Carter erred in holding that the Regulation has a rational basis and is authorized. Lower court authority is apparently divided on this issue,[3] and the two appellate decisions cited to us—*Thompson v. Weinberger*, 548 F.2d 1122 (4th Cir. 1976) and *Angell v. Flemming*, 291 F.2d 72 (4th Cir. 1961)—do not lead us to a contrary result. In *Angell*, the Secretary sought to treat all of the employee's remuneration as "wages," even though the employer specifically identified a portion of the payments as reimbursements for expenses; in contrast, the Secretary here concedes that $40.00 a week appellant received as reimbursement for his expenses was properly deductible. *Thompson* provides some support for our position: while

---

**2.** Appellant points out that the Internal Revenue Service has allowed him to deduct such expenses for income tax purposes.

**3.** Compare, e. g., *Warren v. Ribicoff*, C.C.H. Unemp. Ins. Rep. ¶ 10,262.310 (S.D. Iowa 1961); *Dearing v. Flemming*, C.C.H. Unemp.

Ins. Rep. ¶ 10,262.310 (W.D. Va. 1959) with *Sayer v. Richardson*, 360 F.Supp. 199 (W.D. La. 1973); *Joyner v. Ribicoff*, 206 F.Supp. 874 (W.D. Va. 1962); *Miller v. Ribicoff*, 195 F.Supp. 534 (W.D.S.C. 1961).

reserving the question of the deductibility of expenses incurred by a "traveling salesman," the court held that the Regulation was reasonably related to the purpose of the enabling legislation. 548 F.2d at 1128–29.

We see no reason to discuss appellant's further argument concerning waiver of repayment, since Judge Carter's opinion adequately deals with that point.

The judgment of the district court is affirmed.