**Bernie DAVIS, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 87–3417.**

United States Court of Appeals, Eleventh Circuit.

March 21, 1988.

William Davis, Jacksonville, Fla., for plaintiff-appellant.

Dorothea Beane, Asst. U.S. Atty., Tampa, Fla., for defendant-appellee.

Before HILL and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal from the dismissal by the trial court of a complaint seeking reinstatement by the Secretary of Health and Human Services of the plaintiff Davis's Social Security retirement payments. In effect, it is an appeal from a decision by the appeals council affirming a decision by an administrative law judge of the department.

## I. STATEMENT OF THE CASE AND OF THE FACTS

Plaintiff filed an application for retirement insurance benefits on April 9, 1980, alleging that he was born on August 12, 1915. He was granted benefits thereafter. On June 12, 1984, the plaintiff and his wife were notified by Social Security that they had been overpaid in benefits. The overpayment was stated to be $8,797.50 and was caused, according to the notice, by the appellant's excessive earnings in 1983.[1] These excessive earnings were computed by the Social Security Administration. The yearly earnings limitation for those individuals over 65 for taxable year 1983 was $6,600.

For the taxable year involved, plaintiff worked exclusively for Pincus Brothers–Maxwell as a traveling salesman for the states of Florida, Georgia, Alabama, Tennessee and the commonwealth of Puerto Rico. He was paid on a commission basis with an advance of $1,000 per week against commissions. This weekly payment was to be the total amount of his payments unless his commissions exceeded $52,000 per year. Plaintiff claims that he had business expenses of $39,130 for the year 1983. His W–2 forms show that Pincus Brothers–Maxwell withheld federal income taxes and paid FICA and unemployment taxes on the full $52,000. Davis's excessive earnings were arrived at by the Secretary's disallowing any claimed expenses.

In his complaint, Davis alleged that he was an employee of Pincus Brothers–Maxwell, thus obviating the question whether he was an employee or an independent contractor.

Davis filed a request for a hearing and a *de novo* hearing was held by an administrative law judge on April 23, 1985. He appeared and testified, accompanied by his counsel. The administrative law judge issued his decision finding the appellant was overpaid in the Social Security retirement benefits but was without fault in causing the overpayment. However, the administrative law judge found that the Secretary should not waive the overpayment on the grounds of equity or good conscience or that a refusal to do so would defeat the purpose of the act. The ALJ found that there was no record evidence indicating that repayment would deprive the plaintiff of income required for ordinary and necessary living expenses.

Davis sought review by the appeals council. The appeals council, after considering plaintiff's letter and a memorandum, on November 20, 1985, notified plaintiff that it had found no basis on which to grant review. Thus, the ALJ's decision became the final decision of the Secretary.

Thereafter, Davis filed this complaint in the United States District Court. The magistrate recommended affirmance of the Secretary's decision and this recommendation was adopted by the trial court, and the complaint was dismissed. This appeal followed.

## II. DISCUSSION

■ Appellant's claim is facially appealing. He apparently actually had a net income in 1983 of $12,870, but in determining whether he had excessive earnings for the year the Secretary claimed his earnings were $52,000, because due to a regulation of the Department of Health and Human Services, the Secretary was not permitted to make any allowance for the $39,130 of expenses incurred in Davis's operation. It is also true that if Davis had been self employed instead of a wage earner, he could have deducted all of his expenses in order to arrive at his *net* earnings for the year. *See* 42 U.S.C. § 403(f)(5)(A).

However, when we consider the actual language of the regulation, we note that it is unambiguous and plain and, if the regulation is valid, the ALJ could rule only as he did. The regulation dealing with what is to be considered as wages of an employee follows:

> Amounts that your employer pays you *specifically*—either as advances or reimbursements—for traveling or for other ordinary and necessary business ex-

---

1. This amount was subsequently reduced to $4,665 by administrative action.

penses incurred, or reasonably expected to be incurred, in your employer's business are not wages. The employer *must identify these travel and other expenses either by making a separate payment or by specifically stating the separate amounts* if both wages and expense allowances are combined in a single payment.

20 C.F.R. § 404.1045 (emphasis added.)

Here, as indicated above, the employer reported to Davis on his W–2 form a full salary of $52,000 and neither made a separate payment for expenses nor specifically stated any separate amounts that were to be considered reimbursement for Davis's expenses. Davis contends that it is wholly unfair for his being held responsible for excess earnings during a taxable year because of the failure of an employer over whom he has no control. Although he does not contend that the regulation is invalid as being in conflict with the authorizing statute, he relies on the district court judgment, *Sayer v. Richardson*, 360 F.Supp. 199 (W.D.La.1973), as supporting his contention that this regulation places an unfair burden on the claimant. The district court in *Sayer* did not hold the regulation to be invalid. It merely held that its application in that case was too unfair.

Without deciding that the regulation is invalid, it, of course, has the force of law. This court is powerless to declare it invalid unless we find it to be unreasonable and inconsistent with the law. *International Railway Co. v. Davidson*, 257 U.S. 506, 42 S.Ct. 179, 66 L.Ed. 341 (1922); *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948).

We agree with the decision of the Court of Appeals for the Second Circuit in *Colby v. Harris*, 622 F.2d 644 (2d Cir.1980), which affirmed a judgment and opinion of the district court "that the Regulation has a rational basis and is authorized." *Id.* at 646.

It is certainly not unreasonable for the department to require that if an employer reports a certain figure for wages of an employee, the department should normally be permitted to rely upon this figure for what it is represented to be. However, in order to make it possible for an employee to be sure that what his employer reports as wages is not actually the net amount received by him for his services after deducting expenses, the regulation *permits* the employee to have his employer account separately for expenses and wages. That is the aim of the regulation and it is certainly not unreasonable. Davis could, of course, have requested his employer to specify that part of his monthly payment was reimbursement for expenses. Moreover, the regulation does not always, and possibly not even in this appellant's case, work against the interests of the employee. Since the employer here reported income of $52,000 for Davis he would be entitled, during his retirement, to have an increased monthly Social Security payment resulting from that amount of wages. We do not know the exact method of computation, but it is clear that over a period of time, the increased amount that Davis would receive from that higher figure of wages, would more than compensate for the loss that he suffers by reason of the Secretary's literally following the regulation.

The opinion of the court in *Colby* and the district court's opinion at 489 F.Supp. 461 (S.D.N.Y.1980), on which it was largely based, point to other differences between benefits and payments to employees and self-employed workers. These differences equalize, at least to some extent, the differing requirements as to each.

■ Appellant also complains of the refusal of the ALJ and of the district court to require the Secretary to waive the repayment by Davis of the overpayment of his retirement income. Section 204(b) of the Social Security Act, as amended at 42 U.S.C. § 404(b), allows for waiver of an overpayment if the individual is "without fault" in causing the overpayment and the recovery would either defeat the purpose of the Act or would be against equity and good conscience. Although the ALJ and district court found the plaintiff to be "without fault," they both concluded that the overpayment could not be waived since recov-

ery would not be against equity and good conscience or defeat the purpose of the Act. Since Davis failed to indicate by evidence that any special hardship would result to him if the repayment was required, we conclude that we should not interfere with these decisions.

We conclude, therefore, that the ALJ was correct in his decision and that the trial court properly dismissed the complaint on the motion of the Secretary.

The judgment is AFFIRMED.